**UNITED STATES of America,**
**Appellant,**

v.

**SHER, Michael.**

**No. 81–1317.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule
12(6) Aug. 5, 1981.

Decided Aug. 14, 1981.

Rehearing En Banc Denied
Oct. 6, 1981.
See 661 F.2d 34.

Robert J. Cindrich, U. S. Atty., Paul J. Brysh, Edward J. Schwabenland, Asst. U. S. Attys., Thomas M. Fallert, Legal Intern, Pittsburgh, Pa., for appellant.

Michael W. Zurat, Mullen & Zurat, Pittsburgh, Pa., for appellee.

Before ALDISERT and WEIS, Circuit Judges, and RE, Chief Judge.*

## OPINION OF THE COURT
### PER CURIAM.

Michael Sher was indicted by a grand jury in the Western District of Pennsylvania for a violation of 18 U.S.C. § 1014.[1] The indictment charged Sher with conducting a "check-kiting" scheme by depositing worthless checks in two different banks, alternatively covering each check with another worthless check drawn on his account in the other bank and taking advantage of the time lag necessary for clearance to "keep the kite afloat." Sher moved before trial to dismiss the indictment, arguing that § 1014 does not prohibit the conduct alleged. The district court agreed and granted the motion to dismiss. *United States v. Sher*, 505 F.Supp. 858 (W.D.Pa.1981). The United States appeals pursuant to 18 U.S.C. § 3731.

We have carefully considered the arguments presented by the appellant,[2] and we are in agreement with Judge McCune's thoughtful opinion for the court below. See also *United States v. Pavlick*, 507 F.Supp. 359 (M.D.Pa.1980). Accordingly, the judgment will be affirmed.

---

\* Honorable Edward D. Re, Chief Judge of the United States Court of International Trade, sitting by designation.

1. The statute reads in pertinent part as follows:
   § 1014. Loan and credit applications generally; renewals and discounts; crop insurance
   Whoever knowingly makes any false statement or report, or willfully overvalues any land, property or security, for the purpose of influencing in any way the action of ... any bank the deposits of which are insured by the Federal Deposit Insurance Corporation, ... upon any application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, or loan, or any change or extension of any of the same, by renewal, deferment of action or otherwise, or the acceptance, release, or substitution of security therefor, shall be fined not more than $5,000 or imprisoned not more than two years, or both.

2. We have also considered but we do not accept the reasoning of the Court of Appeals for the Fifth Circuit in *United States v. Payne*, 602 F.2d 1215 (5th Cir. 1979), *cert. denied*, 445 U.S. 903, 100 S.Ct. 1079, 63 L.Ed.2d 319 (1980).